**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MATTHEW A. JAMESON,

    Plaintiff,

v.                                                Case No. 10-10366
                                                HON. ROBERT H. CLELAND

OAKLAND COUNTY, et al.,

    Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIM**

Pending before the court is Plaintiff's complaint which alleges the following counts against the various defendants: [1]

- Count I, alleging violation of various constitutional rights secured by the Fourth, Fifth, and Fourteenth Amendment and actionable under 42 U.S.C. § 1983

- Count II, gross negligence

The first count states claims under federal law; the second alleges a claim under state law.

As a preliminary matter, the court has original jurisdiction over Plaintiff's § 1983 claims. 28 U.S.C. § 1331. Because Plaintiff's state law claim arises out of the same incident and shares a common nucleus of operative fact, the court

---

[1] Named defendants, alleged to have deprived Plaintiff of his civil rights, include "The Oakland County Sheriff's Department" and a dog. The court is doubtful—to say the least—whether either of these is a legal entity capable of either suing or being sued.

could exercise its supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367. However, the court now considers if granting supplemental jurisdiction is in the interest of judicial economy, convenience, fairness and comity. The court determines that it is not, and will dismiss Plaintiff's state law claim.

## I. BACKGROUND

Plaintiff's complaint arises from Defendants' execution of a search warrant covering Plaintiff's residence. Plaintiff alleges that Defendants unreasonably executed the search warrant by causing unnecessary and unjustified damage to his property. Plaintiff also alleges that some of the Defendants stole various items of property from him.

## II. DISCUSSION

A district court has the power to dismiss or remand claims *sua sponte* for lack of subject matter jurisdiction. *See, e.g.*, *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir. 1998). Claims with original jurisdiction in a district court have either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. In some circumstances, additional claims alleging violations of only state law may be heard under the supplemental jurisdiction granted pursuant to 28 U.S.C. § 1367.

In *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), the Supreme Court broadly authorized federal courts to assert jurisdiction over state law claims when there existed a "common nucleus of operative fact" compromising "but one constitutional 'case,'" so long as the court had original jurisdiction over at least one claim. *Gibbs*, 383 U.S. at 725. While this decision

granted district courts broad power over pendent state claims, it also recognized discretion in hearing such claims: "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over the state claims . . . ." *Id.* at 726. The Court stated that pendent party jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726-27.

Congress later codified the power of a federal court to hear state claims. 28 U.S.C. § 1367 (2006). Similar to the standards articulated in *Gibbs*, the statute recognizes a court's discretion to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* Subsections two and four are applicable to the case at bar.

Though § 1367 technically superseded *Gibbs*, courts agree that "the exercise of discretion . . . is still informed by whether remanding the pendent state claims comports with the underlying objective of 'most sensibly accommodating' the values of 'economy, convenience, fairness and comity.'"

*Executive Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)); *see also* H.R. REP. NO. 101-734, at 29 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875 (indicating that, under *Gibbs* and "current law, subsection (c) requires the district court, in exercising its discretion, to undertake a case-specific analysis").

### A. Dismissal Pursuant to 28 U.S.C. § 1367(c)(4)

A district court may deny supplemental jurisdiction pursuant to § 1367(c)(4) if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4) (2006). "Congress's use of the word 'other' to modify 'compelling reasons' indicates that what ought to qualify as 'compelling reasons' for declining jurisdiction under subsection (c)(4) should be of the same nature as the reasons that gave rise to the categories listed in subsections (c)(1)-(3)." *Executive Software*, 24 F.3d at 1557. Once the court decides that there are compelling reasons to decline jurisdiction, the factors that inform this decision usually will demonstrate how the circumstances confronted are "exceptional." *Id.* at 1558.

1. "Compelling Reasons" for Dismissing Plaintiff's State Law Claim

Courts generally accept that "compelling reasons for the purposes of [§ 1367] (c)(4) . . . should be those that lead a court to conclude that declining jurisdiction best accommodates the values of economy, convenience, fairness and comity." *Id.* at 1557 (internal citations omitted); *see also Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994). When deciding whether to agree or decline to exercise jurisdiction over supplemental state

claims, the court considers the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims (including the possibility of jury confusion).

Litigation in federal court that mixes federal law claims with supplemental state law claims can cause procedural and substantive problems; in the interests of judicial economy and convenience, these problems should be avoided. *Id.* Even where, as in the present case, the federal and state claims arise out of the same factual background, the simultaneous litigation of such claims may prolong pre-trial practice, complicate the trial, lengthen and make more complex the jury instructions leading to potential confusion of the jury, result in inconsistent verdicts and cause post-trial problems with respect to judgment interest and the availability of prevailing party attorney fees. Consequently, the apparent judicial economy and convenience to the parties of a court exercising supplemental jurisdiction over state claims may be substantially offset by problems simultaneously created. The court will review the federal and state claims in some detail to determine if supplemental jurisdiction should be exercised over the state claim.

### a. Applicable Legal Standards

The federal standard for evaluating whether a search was executed reasonably is an objective one that looks to the facts and circumstances of the particular case. *Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms*, 452 F.3d 433, 445 (6th Cir. 2006).

Plaintiff's equivalent state law claim, on the other hand, focuses on a different standard: whether "an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea v. Crabtree*, 687 N.W.2d 333 (Mich. Ct. App. 2004). As such, the question of willfulness is the central element of the claim, and the focus turns toward the mental state of the alleged wrongdoer to determine if he acted arbitrarily or maliciously.

Exercising supplemental jurisdiction over the state law claim would require a jury to understand, distinguish and apply two distinct standards of reasonableness in the same case. This would certainly result in more lengthy jury instructions, jury confusion and inconvenience to the parties that would not be present if the claims were tried separately.

### b. Immunity

Plaintiff's state and federal law claims also apply different versions of immunity, a further complication in their being tried together. Under federal law, "government officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In determining if a government official is entitled to such qualified immunity, a court must first determine if a federal right was violated and, if so, whether that right was "so clearly established that a reasonable official would understand that his

particular conduct would violate that right." *Wilkins v. City of Royal Oak*, No. 04-73276, 2005 U.S. Dist. LEXIS 42474, at * 26 (E.D. Mich. 2005). A court must also determine if the officer was performing a discretionary function at the time. *Id*. This immunity is relatively straightforward and turns on the objective reasonableness of the official's actions. *See generally Harlow*, 457 U.S. 800.

Immunity under state law is remarkably different, as it applies a *subjective* standard of review to the official's actions. Unlike federal qualified immunity, officers facing claims of gross negligence are not shielded by Michigan's governmental immunity statute. Mich. Compl. Laws § 691.1407(3). Unlike the immunity afforded from § 1983 claims, immunity from state torts under Michigan law depends upon an officer's subjective intent at the time of the alleged assault. And, to further complicate the matter, application of this immunity is not a straightforward process:

> Governmental immunity [under Michigan law] has been, at best, a confusing area of the law for the bench and bar of our state for many years and, unfortunately, attempts to explain it have often resulted in increasing the quagmire in which we collectively have found ourselves on this subject.

*Sudul v. City of Hamtramck,* 562 N.W.2d 478, 490 (Mich. Ct. App. 1997) (Murphy, J., dissenting). The differences in the applicability of governmental immunity between Plaintiff's federal and state claims, as well as the "quagmire" that has evolved regarding the application of such immunity to state claims under Michigan law, are additional factors that would complicate the simultaneous trial of federal claims, confuse the jury and inconvenience the parties.

### c. Recoverable Damages

Recoverable damages are drastically different as to Plaintiff's federal and state claims. Under federal law, a successful § 1983 Plaintiff may recover punitive damages against individual defendants. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). In direct contrast, "[i]n Michigan, the courts . . . refuse to allow the recovery of punitive damages." *Fellows v. Superior Prods. Co.*, 506 N.W.2d 534, 536 (Mich. Ct. App. 1993) (quoting *In re Disaster at Detroit Metro. Airport*, 750 F. Supp. 793, 805 (E.D. Mich. 1989)). As a result, Plaintiff would be entitled to seek punitive damages against the officers for his § 1983 claims but not for the remainder of his claims.

Punitive damages, by definition, "are not intended to compensate the injured party, but rather to punish the tortfeasor." *City of Newport*, 453 U.S. at 266. The jury would be instructed that they *are* permitted to "punish" for an egregious 4th Amendment excessive force violation but that they are *not* so permitted for even an obvious violation of state assault and battery law, gross negligence, or intentional infliction of emotional distress. This difference could easily lead to an artificially—and unfairly—high award for a proven § 1983 claim in order to "compensate" for the jury's inability to award punitive damages for the state law claim. It could also result in an unfairly low award if the jury were to incorrectly conclude that, since Michigan law does not permit punitive damages, the proven federal claim is not deserving of such an award either. In either scenario, the different treatment of punitive damages under state and federal law could result in jury confusion, lengthy jury instructions, and an unfair verdict.

### d. Compelling Reasons Exist to Dismiss Plaintiff's State Claim

The potential for jury confusion has been identified as a compelling reason for a district court to decline to exercise supplemental jurisdiction. *Gibbs*, 383 U.S. at 727; *Barbetta v. Chemlawn Services Corp.*, 669 F. Supp. 569, 571 (W.D.N.Y. 1987); *Gasque v. King*, No. 90-00470, 1991 U.S. Dist. LEXIS 19260, at *5-6 (M.D.N.C. 1991); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994); *Blue Dane Simmental Corp. v. American Simmental Ass'n*, 952 F. Supp. 1399, 1404 (D. Neb. 1997); *see also* Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 3567.1, n. 46. (2d ed. 1984). In considering this potential, as well as the interests of economy, convenience, fairness and comity, the court finds that the state claim should be dismissed. To exercise supplemental jurisdiction over this claim would result in confusion, inconvenience and potentially unfair results given the systematic disparity between these claims, including their various legal standards, available defenses, potential immunity from suit, potential vicarious liability and potentially recoverable damages. Therefore, the court will dismiss without prejudice the state law claim of gross negligence.

### 2. This Case Presents "Exceptional Circumstances"

Courts must ensure that the reasons for declining to exercise supplemental jurisdiction identified as "compelling" are not deployed in circumstances that are not "exceptional." *Executive Software*, 24 F.3d at 1558. Courts agree that the inclusion of the phrase "exceptional circumstances" limits the broad discretion that district courts once entertained under *Gibbs* to deny

supplemental jurisdiction in any case. *See, e.g.*, *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998); *Executive Software*, 24 F.3d at 1558. However, Congress only "sounded a note of caution" and did not restrict a district court's ability to dismiss claims only in cases that were "ridiculous" or "impractical." *Executive Software*, 24 F.3d at 1558, 1560 (citing *Hays County Guardian v. Supple*, 969 F.2d 111 (5th Cir. 1992) (holding that exceptional circumstances were present when parallel state proceedings were underway and therefore the adjudication of state claims would be a "waste of judicial resources")).

The court finds that exceptional circumstances are present in this case in weighing the likelihood of jury confusion, judicial inefficiency, substantial inconvenience to the parties, and potential unfairness in outcome which could readily result by attempting to resolve all claims in a single trial. Though there would be some duplication of effort required by Plaintiff and the defense in this case if Plaintiff decides to pursue both claims, the court finds that any advantages to be gained by trying all claims together are outweighed by the potential for confusion of the issues, legal theories, defenses and possible relief. Thus, the court will not exercise supplemental jurisdiction and will dismiss without prejudice the state law claim.

### B. Dismissal Pursuant to 28 U.S.C. § 1367(c)(2)

Separately, a district court may decline the exercise of supplemental jurisdiction pursuant to section 1367(c)(2) if "the [state] claim substantially predominates over the claim or claims over which the district court has original

jurisdiction." 28 U.S.C. § 1367(c)(4).  As already discussed in detail, the state claim presented here implicates myriad problems including the need to introduce evidence inapplicable to—indeed inconsistent with—the evidence relevant to the federal claim, additional witnesses, disparate legal theories and defenses and significantly expanded and contradictory jury instructions.  The court finds that the state claim presented in this case would, for these reasons, predominate over the § 1983 federal claim over which the court has original jurisdiction.  Pursuant to 28 U.S.C. § 1367(c)(2), the court will not exercise supplemental jurisdiction and will dismiss without prejudice the state law claim.

### III. CONCLUSION

Plaintiff's state law claim for gross negligence does not have original jurisdiction in federal court.  The inclusion of Plaintiff's state claim with Plaintiff's claim under 42 U.S.C. § 1983 could lead to jury confusion, judicial inefficiency, inconvenience to the parties and an unfair outcome.  Additionally, the state law would predominate over Plaintiff's § 1983 federal claim.  Pursuant to 28 U.S.C. §§ 1367(c)(2) and (4), the court exercises its discretion to decline supplemental jurisdiction over Plaintiff's state law claim.  Accordingly,

IT IS ORDERED that Plaintiff's state law claim for gross negligence (Count II), is hereby DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that only Plaintiff's claims arising under federal law, 42 U.S.C. § 1983 (Count I) now remain before this court.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: February 17, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 17, 2010, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522