**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MATTHEW A. JAMESON,

    Plaintiff,

v.                                              Case No. 10-10366

OAKLAND COUNTY, et al.,

    Defendants.
                                                   /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO EXTEND SUMMONS
AND DIRECTING PLAINTIFF TO SHOW CAUSE**

Pending before the court is Plaintiff's "Motion to Extend Time to Serve Summons and Complaint," filed on August 2, 2010. On January 27, 2010, Plaintiff initiated this action against Oakland County, various law enforcement officers, and a dog named "Deputy" Christie. In his motion, Plaintiff indicates that Defendants Clark, Simerly, Gallagher, and Craze were not served.[1] The court also notes that there is no executed certificate of service for Defendant "Deputy" Christie—the dog.

Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[1] This is, evidently, in contradiction with the executed certificates of service that Plaintiff filed for these Defendants. Accordingly, the court will strike these certificates.

Fed R. Civ. P. 4(m). The 120-day period allowed by Rule 4(m) has expired and Plaintiff has moved for an extension of time to serve the summons and complaint on the unserved Defendants. Plaintiff argues that there is good cause for the extension because: (1) he did not know the given names of the unserved Defendants; (2) he did not know that they did not work for the Oakland County Sheriff until June 2, 2010; and (3) he did not know that they were unserved until May 28, 2010. Beyond stating that he used a process server, Plaintiff does not explain what steps he took to discover the Defendants' full names or their employers. Furthermore, the certificates of service that Plaintiff filed state that the unserved Defendants were served by leaving the summons and complaint with the "deputy in charge" at the Oakland County Sheriff's Department. It appears that Plaintiff took no steps to verify that service was actually effected after receiving and filing these "executed" certificates. Finally, Plaintiff waited over two months after the expiration of the 120-day period to file this motion. And, aside from a statement that he now knows the given names of some of these Defendants, Plaintiff does not explain what he has been doing over the last two months to effect service on the unserved Defendants—all of whom remain unserved. Plaintiff's excuses simply amount to a failure to do basic investigatory legwork and do not amount to good cause; his motion will be denied.

Eastern District of Michigan Local Rule 41.2 also provides that if the parties have not taken action within a reasonable time, the court may enter an order dismissing the case for lack of prosecution. Accordingly,

IT IS ORDERED that the certificates of service for Defendants Clark, Simerly, Gallagher, and Craze [Dkt. ## 13, 15, 17, &19] are STRICKEN.

2

IT IS FURTHER ORDERED that Plaintiff's "Motion to Extend Time to Serve Summons and Complaint" [Dkt. # 25] is DENIED.

IT IS FURTHER ORDERED that Plaintiff is ORDERED TO SHOW CAUSE, in writing, on or before **August 20, 2010**, why Defendants Clark, Simerly, Gallagher, Craze, and "Deputy" Christie should not be dismissed without prejudice for lack of service.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: August 12, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2010, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522