UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW A. JAMESON,

    Plaintiff,

v.                              Case No. 10-10366

OAKLAND COUNTY, et al.,

    Defendants.
                                      /

**OPINION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER WITHOUT PREJUDICE TO PLAINTIFF'S ABILITY TO MOVE FOR VACATION AND DIRECTING DEFENDANT SHERIFF MICHAEL BOUCHARD TO FILE AFFIDAVIT**

Defendants have filed a motion seeking a protective order that would bar Plaintiff from taking the deposition of Defendant Sheriff Michael Bouchard. For the following reasons, the court will grant the motion, without prejudice to Plaintiff's ability to move the court to vacate the order, and will also order Sheriff Bouchard to file an affidavit setting forth the basis for his claim that his deposition is not necessary.

**I. BACKGROUND**

In the September 2, 2010, scheduling order, the court set the discovery deadline for January 3, 2011. On December 13, 2010, Defendants filed the pending motion for a protective order, in which they argue that Plaintiff should not be permitted to depose Sheriff Michael Bouchard because he is a high-ranking official and the information he could provide is available from other potential deponents. In a December 27, 2010, response, Plaintiff notes that high-ranking officials are not entirely immune from deposition. Plaintiff asserts that the deposition of one of Sheriff Bouchard's subordinate officers yielded none of the information sought, and therefore Sheriff Bouchard's own

deposition is necessary. In addition, Plaintiff contends that Sheriff Bouchard cannot delegate certain statutory duties, and as the author of certain departmental policies, Sheriff Bouchard's deposition is necessary to unveil certain relevant evidence. Defendants filed a reply on January 12, 2011, which reasserts many of the arguments raised in their motion, and suggests Plaintiff depose Joseph Quisenberry, "[t]he individual in charge of" the unit that conducted the search in question. (Reply 2-3.)

## II. STANDARD

In general, the scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Under Federal Rule of Civil Procedure 26(c), a district court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," thereby limiting discovery.

Courts have interpreted Rule 26(c) to impose limits on when a high-ranking government official may be subject to deposition. *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941)); *In re United States (Holder)*, 197 F.3d 310, 313-14 (8th Cir. 1999). Because a high-ranking official has both substantial demands on his time and a duty to serve the public, such an official should be subject to deposition only after: (1) a litigant seeking his deposition has exhausted other sources that might yield the information sought, and (2) a showing by the litigant that the official is likely to possess that information. *See Bogan*, 489 F.3d at 423; *Holder*, 197 F.3d at 314. Without such a rule, high-ranking

officials would be constantly subject to the demands of pending litigation, inhibiting their ability to execute their official duties.

## III. DISCUSSION

Sheriff Bouchard is a high-ranking governmental official, and therefore Plaintiff must exhaust other avenues for obtaining the information sought before deposing Sheriff Bouchard. Plaintiff has deposed Officer Richard Craze, an officer allegedly involved in the incident underlying this suit, and asserts that the deposition was fruitless, as Officer Craze responded to many of Plaintiff's questions by denying knowledge. In addition, Plaintiff avers that another deponent, Officer Jason Clark, cancelled his properly noticed deposition just two hours before it was scheduled.

The court finds that while Sheriff Bouchard's deposition is not yet necessary, it may become necessary in the future. Plaintiff must again attempt to depose officers who were present during the search at issue, or officials subordinate to Sheriff Bouchard and to whom those officers report, such as Quisenberry. The court will therefore grant the protective order. If those depositions do not yield information sought that is likely in the possession of Sheriff Bouchard, or if Defendants do not cooperate in scheduling or appearing for scheduled depositions, Plaintiff may file a motion to vacate the protective order, and Sheriff Bouchard may be ordered to appear for a deposition.

In the meantime, Sheriff Bouchard must file an affidavit in support of his attorney's contention that his deposition is not necessary, setting forth the reasons for such an assertion.

In this case, the discovery deadline was set for January 3, 2011, a date which has passed while the motion under consideration has been pending. The court will

extend the deadline until January 31, 2011, to allow Plaintiff to depose subordinate officers or other persons who might provide the information sought from Sheriff Bouchard. If by that date and after diligent effort Plaintiff has been unable to obtain the information at issue, Plaintiff may move the court to vacate the protective order and to order the deposition of Sheriff Bouchard.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's "Motion for Protective Order Limiting Discovery" [Dkt. # 92] is GRANTED.

IT IS FURTHER ORDERED that Sheriff Bouchard is DIRECTED to file an affidavit in support of his attorney's claim that his deposition is not necessary in this case, which outlines the reasons for that claim.

Finally, IT IS ORDERED that the discovery deadline is extended until **February 11, 2011**. Plaintiff must file any motion seeking to vacate this order no later than **February 18, 2011**.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: January 24, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2011, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\10-10366.JAMESON.GrantProtectiveOrder.jmp.wpd