**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MATTHEW A. JAMESON,

    Plaintiff,

v.                                        Case No. 10-10366

OAKLAND COUNTY, et al.,

    Defendants.
                                         /

**ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND GRANTING
DEFENDANTS' SECOND MOTION FOR PROTECTIVE ORDER**

The court held a telephone conference on the record on March 17, 2011, to discuss Plaintiff's motion to vacate the court's January 24, 2011, protective order, or in the alternative to extend the time to file a motion to vacate, and Defendants' second motion for a protective order. Plaintiff's counsel said that he no longer believes it is necessary to depose Defendant Sheriff Michael Bouchard, who was protected from deposition by the January 24, 2011, order. Therefore, Plaintiff's motion to vacate will be denied.

Defendants' pending motion for a protective order avers that after the court entered the order protecting Sheriff Bouchard from deposition, Plaintiff served Sheriff Bouchard with 89 requests to admit. Plaintiff's counsel acknowledged during the call that Sheriff Bouchard is approximately five steps removed in the chain of command from the commander of NET, the law enforcement unit involved in the incident alleged in the lawsuit. Sheriff Bouchard has filed an affidavit pursuant to an order of this court, which states that he only has second-hand knowledge of the underlying incident, and

has not been involved personally in the investigation of any alleged wrongdoing of any officers.  (Aff. ¶¶ 8-9.)  Taking these facts into account, it would be unduly burdensome to require Sheriff Bouchard to respond to the 89 requests to admit.  Consequently, the court will grant Defendants' second motion for protective order.  As the court noted on the call, if Plaintiff has a very few, narrow, targeted, and focused requests to admit among the 89, he may re-serve them on Sheriff Bouchard.  If they are suitably narrow and targeted, and not unduly burdensome, the court would encourage Sheriff Bouchard to respond.  But Sheriff Bouchard will not be compelled to respond to any additional requests until further order of the court.  Accordingly,

IT IS ORDERED that Plaintiff's motion to vacate order on motion for protective order, or to extend motion to vacate deadline [Dkt. # 42] is DENIED.

IT IS FURTHER ORDERED that Defendants' second motion for protective order [Dkt. # 43] is GRANTED.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 23, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 23, 2011, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522